USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVAN RENE MOROCHO, on behalf of himself, and others similarly situated,

Plaintiff,

-against-

R.C.F.H.P. INC., as owner of 1374 York Avenue, New York, NY 10021; CAMBRIDGE REALTY MANAGEMENT LLC, as managing agent of 1374 York Avenue, New York, NY 10021; ENTERPRISE GROUP OF NEW YORK LLC, as managing agent of 14 St. Mark's Place, New York, NY 10003; TRS CGL KRL PTR ZTL FRI PARTNERS LLC; and ROBERT GALPERN and LOUIS GALPERN, individually,

Defendants.

26 Civ. 5008 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 2, 2026, Plaintiff filed a proposed order to show cause with emergency relief in this action. *See* ECF No. 15. Not all Defendants have yet appeared in this action, and although Plaintiff has filed several affidavits of service of the summons and complaint, *see* ECF Nos. 11–14, Plaintiff has not filed proof of service of his proposed order to show cause and related papers on all Defendants. *See, e.g.*, ECF No. 16 (declaration of Peter H. Cooper, attorney for plaintiffs in this action). Defendant Robert Galpern has appeared *pro se* and opposes Plaintiff's motion. *See* ECF No. 19.

Plaintiff's proposed order seeks to prevent "defendants, their agents and employees, and all persons acting in concert with them" from "taking any action against the law firm Cilenti and Cooper, PLLC, [the firm that represents Plaintiff in this case], or taking any adverse action against . . . any plaintiff or other employee who joins this action" brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"). ECF No. 15 at 1–2. Plaintiff's memorandum reports that an employee of one of the defendants "has contacted professional colleagues and current and former adversaries of Cilenti & Cooper[, PLLC], claiming that our firm has engaged in unethical practice[s]" and intends to file a complaint with the attorney grievance committee. Mem. at 2, ECF No. 17.

"A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Federation, Inc.*, 883 .3d 32, 37 (2d Cir. 2018) (citation omitted). Although Plaintiff's memorandum correctly states this standard, the memorandum is devoid of non-conclusory allegations—or any allegations at all—that support these factors. Plaintiff

merely states that an injunction "would not discourage the defendants from engaging in lawful activities but would permit the individuals to assert their right to unpaid wages." Mem. at 2. There is no evidence suggesting that Defendants are causing irreparable harm to Plaintiff, there is no argument that Plaintiff has raised serious questions going to the merits of his case, and there is no discussion of the balance of the equities or the public interest. *See, e.g.*, *Ali v. Wuchte*, No. 20 Civ. 1532, 2022 WL 3682303, at *2 (E.D.N.Y. Aug. 25, 2022) ("Conclusory allegations lacking supporting evidence are insufficient to sustain a request for a preliminary injunction."). Further, the Court "lacks jurisdiction to order relief where a motion for a temporary restraining order and/or preliminary injunction," as here, "'presents issues which are entirely different from those which were alleged in the original complaint.'" *Dennis v. K&L Gates LLP*, No. 20 Civ. 9393, 2025 WL 902457, at *2 (S.D.N.Y. Mar. 25, 2025) (alterations adopted) (quoting *Stewart v. INS*, 762 F.2d 193, 199 (2d Cir. 1985)); *see* Compl., ECF No. 1 (bringing claims unrelated to the subject of Plaintiff's motion for a preliminary injunction).

Plaintiff's motion for a preliminary injunction is, therefore, DENIED.

Additionally, the Court has reviewed Defendant Galpern's two apparently identical 110-page submissions, *see* ECF Nos. 18, 20, which ask the Court to vacate the judgments in "1,133 [other] actions brought against" various corporations which are not parties to this lawsuit. *See* ECF No. 18 at 1; ECF No. 20 at 1. The Court does not have authority to do so, nor may the Court transform this action, which is an FLSA action brought by Plaintiff Morocho, into "a class action lawsuit on behalf of the 1,133" corporate defendants in other actions. ECF No. 18 at 1. Nor does the Court see good reason to "order a cease-and-desist as to all pending litigation by Cilenti and Cooper." *Id.* Defendant Galpern's requests submitted at ECF Nos. 18 and 20 are therefore DENIED.[1] *See W.T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976) ("The business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it.").

This lawsuit originates from a complaint filed against several corporate and individual defendants alleging violations of the FLSA and NYLL. *See* Compl. ¶¶ 1–2. The lawsuit, accordingly, concerns Plaintiff Morocho's entitlement to relief under these statutes and Defendants' respective liabilities. It is not a vehicle for Defendants and Plaintiff's counsel to litigate an ethics dispute. The case will, therefore, proceed on its merits. Plaintiff's counsel and Defendants are all advised that the Court will not look kindly on attempts to overextend judicial resources to investigate attorney ethics complaints raising issues entirely different from the facts alleged in the complaint and are unrelated to conduct occurring in this lawsuit.

SO ORDERED.

Dated: July 14, 2026
New York, New York

ANALISA TORRES
United States District Judge

[1] Galpern also requests the Court to review "[a] bar complaint . . . filed by Victor Sierra with the appropriate grievance committee" and to "consider making its own referral of any violations of the Rules of Professional Conduct occurring in these proceedings to the appropriate disciplinary body." ECF No. 18 at 1. Sierra's "complaint" purports to discuss conduct and the facts of this case, *see, e.g.*, *id.* at 10 ("Based on information known to me . . . , I believe these allegations may have been made without adequate factual investigation."), but Sierra does not appear to be related to this action—he is neither a party nor has he appeared as an attorney for a party—and the Court declines to make its own referrals to the attorney grievance committee on the basis of Galperin's submissions.